UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

LANCE HOLTHAM
     Plaintiff,

                                     Case No.

v.

                                     Hon.

CHARTER TOWNSHIP OF LANSING,              District Court Judge
WESTSIDE WATER, DANIEL RICHARDS,
in his official and individual capacity
COLBY WINTER, in his official and
individual capacity, AARON LIGHTNER,
in his official and individual capacity, MAGGIE
SANDERS, in her official and individual capacity,
DIONTRAE HAYES in her official and individual
capacity.
     Defendants.

_____/

ABMD LAW
BY:    ROBERT K. OCHODNICKY (P75766)
Attorney for Plaintiff
1005 S. Washington Ave
Lansing, MI 48933
(517) 295-3634
robert@abmdlaw.com

_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, Lance Holtham by and through his attorney, Robert K.

Ochodnicky and hereby files this action against Defendants, Charter Township of Lansing,

Westside Water, Daniel Richards, Colby Winter, and Aaron Lightner as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Lance Holtham (hereinafter "Plaintiff"), is a resident of the State of Michigan.

2. Defendant, Daniel Richards, (hereinafter "Defendant Richards"), upon information and

belief is a resident of the State of Michigan and at all material times was an employee of Lansing Charter Township.

3. Defendant, Colby Winter (hereinafter "Defendant Winter"), upon information and belief is a resident of the State of Michigan and at all material times was an employee of Lansing Charter Township.

4. Defendant, Aaron Lightner (hereinafter "Defendant Lightner"), upon information and belief is a resident of the State of Michigan and at all material times was an employee of Lansing Charter Township.

5. Defendant Maggie Sanders (hereinafter "Defendant Sanders"), upon information and belief is a resident of the State of Michigan and at all material times was an employee of Lansing Charter Township.

6. Defendant Deontrae Hayes (hereinafter "Defendant Hayes"), upon information and belief is a resident of the State of Oklahoma, and at all material times was an employee of Lansing Charter Township.

7. At all material times, Defendant, Lansing Charter Township (hereinafter "Township"), was the municipality that the said Defendants served as public officials and is liable for their acts because of its policies, practices, and customs, which lead to this Complaint of violations.

8. At all material times, Defendant, Westside Water (hereinafter "Westside") is a municipal enterprise corporation of the Township.

9. When the events alleged in this Complaint occurred, Defendants were acting within the scope of their employment and under color of law.

10. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), (4). 28 USC 2201, 28 USC 1367 and Title 18, Section 1961.

11. This is also a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United State Constitution.

12. This Court has jurisdiction pursuant to 28 U.S.C. 1331 which authorized federal courts to decide cases concerning federal question jurisdiction.

13. Venue is proper in the Eastern District of Michigan pursuant to 28 USC § 1391(b).

## STATEMENT OF FACTS

14. Plaintiff is a property owner in Lansing Township.

15. Plaintiff has been complaining to Township authorities for years about the condition of the Township properties, including properties that neighbor the properties he owns and specifically about Defendant Richards and his inability to perform the activities of his job as a Code Compliance Officer and a conflict of interest with Mr. Richards' two duties as an EMT and Code Compliance Officer.

16. Plaintiff has made the Township aware of situations where Mr. Richards has searched his properties without a warrant and visited his property due to emergency medical situations and ended up citing him for a code compliance violation, leaving him and other citizens fearing calling for emergency medical services.

17. In or around August 2020, Plaintiff purchased 317 S. Grace in the Township "hereinafter Property".

18. Plaintiff had issues with a squatter at the Property after the purchase, causing Plaintiff to have to initiate a summary proceedings action and evict the squatter.

19. The eviction process was delayed and extended due to Covid-19 moratoriums and other court delays due to the pandemic.

20. The squatter was eventually evicted; however, even after the eviction the squatter and other individuals would enter and damage the Property.

21. The extent of the damage to the Property caused Defendant Richards acting as a Code Compliance Officer for the Township to "red-tag" the Property; however, he allowed the squatter 14 days to reside in the Property and "post dated" his red-tag which is not following the Township's Codes.

22. Even after the 14 days, despite the red-tag, Defendant Richards did not follow through with enforcement and allowed the squatter and other individuals entry into the Property.

23. Due to the red-tag, Richards, in conjunction with the Township and Westside shut off the water to the Property.

24. Between the months of May, 2021 and November, 2021 for reasons unknown to Plaintiff, Richards and/or Westside would continually shut off the water, then resume service, then shut off the water again.

25. Whenever Richards and/or Westside turned the water on, the former tenant and other unauthorized people would utilize the Property for various needs including laundry and showering, despite the red-tag.

26. Plaintiff made Richards aware of his concerns regarding this water issue, yet no action was taken.

27. On September 15, 2021, Westside again shut off the water to the Property and in the process broke the water line causing the Property's crawl space to flood and causing Plaintiff significant damages.

28. On November 28, 2021, again, Plaintiff's Property's crawl space flooded due to the constant shutting on and off of the water, causing damage to the Property.

29. Upon information and belief, the Defendant Richards was allowing the squatter of the Property to reside in the Property despite the red-tag.

30. Upon information and belief, Defendant Richards had the power, by and through Westside Water, to have the water turned on and off.

31. Upon information and belief, Defendant Richards would turn the water on to allow tenant to use the Property despite the red-tag.

32. All issues related to the red-tag of the Property were addressed by Plaintiff, yet Defendant Richards and/or the township refused to remove the red-tag.

33. Informal hearings were held on the issues involving the red-tag, at which Defendant Richards indicated that he would "work with Plaintiff" and despite this, actively sought an Order of Abatement seeking that Plaintiff's property be torn down.

34. Plaintiff's Property has an assessed value of $70,000.00 and the Township and Defendant Richards sought to tear down the Property due to alleged civil infractions.

35. Due to the Order of Abatement, the Township disconnected the electricity to Plaintiff's Property in or around April, 2022.

36. Plaintiff appealed the Township's Order of Abatement and the matter was set for a formal hearing in Ingham County's 55th District Court.

37. Attorney for the township indicated a desire to settle this matter and allow Plaintiff to attempt to seek a variance to perform the work on the Property.

38. The Township asserted that Plaintiff was required to perform repairs on the Property to have the electricity turned back on, but he could not have the electricity turned back on until he had a hearing before the Zoning Board of Appeals.

39. Plaintiff submitted a filing fee to the Zoning Board of Appeals and an Appeal. The

Zoning Board of Appeals cashed his check then told Plaintiff they never received his Application.

40. To date, the Zoning Board of Appeals refuses to hear Plaintiff's case and his electricity is still off at his Property.

41. Plaintiff made several complaints to former Township Supervisor Defendant Hayes and current Township Supervisor Defendant Sanders, yet nothing has been done.

42. As recently as June, 2023, the attorney for the Township has now indicated that Plaintiff no longer needs to go through the Zoning Board of Appeals, but instead simply needs to file Building and Electrical Permits.

43. Plaintiff has filed Building and Electrical permits numerous times and they are entirely ignored by the Township.

44. In August, 2022 Plaintiff received a water bill in the name of his former tenant indicating that if it was not paid it would be added to his taxes.

45. Plaintiff's attorney wrote a letter indicating that this was improper under MCL 141.121(3) and the letter, like all applications, were entirely ignored and the bill was added to Plaintiff's tax bill.

46. Plaintiff has expressed his frustrations with the Township through attending Township meetings and posting on social media.

47. As recently as June, 2023, attorney for the Township stated the Township will no longer work with him due to his "antics" which it believed to mean his social media postings discussing Township failures.

48. In or around March, 2023, Defendant Winter went to the Lansing Police Department/Code Compliance Office asserting the Plaintiff has illegal rentals in the City of

Lansing. This claim is completely untrue and was done out of spite.

49. Plaintiff attempted to file a Complaint regarding the filing of a false report by Defendant Winter with Defendant Lightner and Defendant Lightner refused.

50. Defendants Richards and Winter issue citations to Plaintiff constantly since this issue with the Property for frivolous issues that go unnoticed for other property owners including consistently requesting Plaintiff pay a rental license fee and allow an inspection of a home he resides in and does not rent. Plaintiff has been issued somewhere between 20-25 citations since the initial red-tagging of the Grace Property.

51. Defendants Richards and Winter drive by Plaintiff's properties constantly as a form of intimidation, including properties that are outside of their jurisdiction in the Township and including during their days off in their personal vehicles.

52. Defendants Richards and Winter, as agents of the Township and in their individual capacity consistently and relentlessly harass Plaintiff, his wife and Plaintiff's parents and have illegally searched his Property.

53. As recently as June 21, 2023, Defendant Lightner illegally searched Plaintiff's backyard at a residence located in the City of Lansing, outside his jurisdiction.

54. The Township and Defendant Sanders are aware of this harassment and refuse to take action.

55. The Township for years has engaged in a pattern of red-tagging houses and making it impossible to address the issues to the point where the house must be torn down.

56. The Township then gains ownership of the land when the house is torn down as the owner is unable to pay the fees from the tear down that is added to the tax rolls.

57. The Township is then able to profit from the sale of the and at tax foreclosure sales

and/or market the land in larger packages to investors.

58. Upon information and belief the Township is nearly bankrupt and uses these tactics in an effort to sustain itself financially.

59. The Township ignores violations of larger investors, yet continually harasses owners in a similar situation to Plaintiff.

60. Plaintiff's Property has essentially been taken by the Township already, he has lost years of potential income, and has suffered severe emotional distress.

### COUNT I FIRST AMENDMENT VIOLATIONS
### DEFENDANT TOWNSHIP, RICHARDS, WINTER, LIGHTNER, HAYES AND SANDERS

61. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-60.

62. Plaintiff's constitutionally protected rights that Defendants violated include the following:

- Right to freedom of speech under the first amendment;

- Right to association under the first amendment; and

- Right to petition the government under the first amendment.

63. Defendants, acting under the color of state law, engaged in acts against Plaintiff to interfere with Plaintiff from exercising his first amendment rights including ignoring Plaintiffs numerous requests to petition the government, depriving Plaintiff of his right to Property due to his assertion of his first amendment rights; damaging Plaintiff's Property due to his assertion of his First Amendment Rights, and failing to allow a complaint to be filed with the police when Plaintiff attempted to bring these actions to the police's attention.

64. Defendants acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's Constitutional

Rights.

65. Defendant Township has set a policy to deprive property owners of their property rights due to first amendment activity.

66. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional injury, loss of freedom and other constitutionally protected rights described above.

67. Defendant Township, acting under the color of state law, authorized, tolerated, ratified, permitted or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff in exercising constitutional rights.

68. As a direct and proximate result of these polices, practices, and customs, Plaintiff was deprived of his constitutionally protected rights as described above.

PLAINTIFFS REQUEST that this Honorable Court enter judgment against Defendants in an amount consistent with the damages sustained.

**COUNT II-**
**42 U.S.C. § 1983**
**FOURTH AMENDMENT-INVASION OF PRIVACY**
**DEFENDANTS RICHARDS, LIGHTNER AND WINTER**

69. Paragraphs 1-68above are incorporated herein by reference.

70. The Fourth Amendment of the United States Constitution protects against entry into dwellings and curtilage without a warrant based on probable cause or a recognized exception to the warrant requirement.

71. Defendant Richards, in responding to a medical issue as an EMT in 2010 illegally searched Plaintiff's Property at which he resided and issued him code compliance citations.

9

72. Defendant Richards with no probable cause, entered Plaintiff's Property on Grace and issued Citations.

73. Defendant Richards and Winter have illegally entered the yard/curtilage of Plaintiff's Properties to perform searches.

74. Defendant Lightner without, twice probable caused entered and searched the backyard of Plaintiff's Property in the City of Lansing, outside his jurisdiction.

75. The conduct of the Defendants caused Plaintiff to be deprived of his right to privacy in violation of the Fourth Amendment to the United States Constitution.

76. Plaintiff was damaged by the conduct of Defendants in that Plaintiff suffered stress, anxiety, embarrassment, humiliation, loss of privacy, and damage to his property.

PLAINTIFFS REQUEST that this Honorable Court enter judgment against Defendants in an amount consistent with the damages sustained.

### COUNT III-TAKING WITHOUT JUST COMPENSATION-FIFTH/14th AMENDMENT 42 USC 1983-DEFENDANT TOWNSHIP, RICHARDS, HAYES AND SANDERS

77. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-75.

78. Defendant Sanders, Defendant Hayes, Defendant Township, and Defendant Richards who are or were officials of Township have taken property in the form of equity and/or monies from Plaintiff related to the Property.

79. Plaintiff's constitutional right to just compensation upon the taking of his property is a fundamental right deeply rooted in Anglo-American legal traditions and essential to the framers concept of ordered liberty.

80. This claim is being made pursuant to 42 USC 1983.

81. No state court inverse condemnation or taking procedure is available by operation of Michigan case law that pertains to the circumstances of this case.

82. Defendants are persons under 42 USC 1983.

83. In *Knick v Township of Scott Williamson County*, the United State Supreme Court held that plaintiffs did not have to wait to exhaust state remedies but there was federal court jurisdiction as soon as a taking of private property without just compensation occurred.

84. Plaintiff has been completely denied the use of his Property, Defendants refuse to allow any permits regarding construction to be heard, so he is stuck paying taxes without being able to use the Property or letting it go to tax foreclosure.

85. It is the policy, custom and/or practice of Defendant Township and the named officials to utilize "red-tagging" properties, tearing them down, adding the tear down price to the tax rolls, and then foreclosing on the property denying property owners any of the equity and/or surplus funds. These polices are sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services.*

86. Plaintiff continues to suffer great and material damages pursuant to 42 USC 1983.

87. Plaintiff are entitled to an award of damages as a result of Defendants' violation of the rights under the United States Constitution, Amendment V.

### COUNT IV-VIOLATION OF THE TAKINGS CLAUSE OF THE MICHIGAN CONSTITUTION OF 1963 ARTICLE 10 SECTION 2  DEFENDANT TOWNSHIP, RICHARDS, HAYES AND SANDERS

88. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-86.

89. Under Article 10, § 2, of the Michigan Constitution of 1963, the government may not take private property for public use without just compensation therefore being first made or secured in a manner prescribed by law.

90.     This state constitutional provision protects intangible property, including equity in homes and land.

91.     By not allowing Plaintiff to use his Property Defendants have essentially taken Plaintiff's Property in violation of the Michigan Constitution's Takings Clause.

92.     Defendants have taken Property without using the mandatory process outlined under the Uniform Condemnation Procedures Act, MCL 213.51, et seq.

93.     Plaintiff is entitled to an award of damages as a result of Defendants' violation of the rights under the Michigan Constitution.

**COUNT V**
**EIGHTH AMENDMENT**
**VIOLATION 42 U.S.C.§ 1983**
**EXCESSIVE CITATIONS (AGAINST DEFENDANTS RICHARDS,**
**WINTER, TOWNSHIP, SANDERS, AND HAYES)**

94.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-92.

95.     The Eighth Amendment to the United States Constitution is the part of the United States bill of Rights prohibiting the government from imposing excessive fines.

96.     To the extent the actions of Defendants Township and Defendant Richards conduct should be considered a violation of Plaintiff's Eight Amendment Rights.

97.     By excessively citing and fining Plaintiff and turning off his electricity allowing him to not be able to use his Property Defendants violated the Eighth Amendment right to be free of excessive fines.

98.     Plaintiff has suffered injury and/or be entitled to an award of damages as result of Defendants' violation of their rights under the United States Constitution.

99.     The conduct of Defendants was reckless, surreptitious with complete indifference to Plaintiffs constitutional rights to be free from violations of the Eighth Amendment to

12

the United States Constitution.

**COUNT VI DUE PROCESS**
**(AGAINST TOWNSHIP ONLY)**

93.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-98.

94.     It is unconstitutional to deprive a person of property without due process of law.

95.      By requiring Plaintiff to go through a Zoning Board and/or Building Department

to obtain the use of his Property, but then not allowing any of his applications to be heard or

making decisions on them, the Township has deprived Plaintiff of Due Process.

96.      The failure Township to take such sufficient measures to provide the Plaintiff with

hearings or determinations on his Zoning and Building Applications deprived the property

Plaintiff of his constitutionally mandated rights to due process.

**COUNT VII**
**SUBSTANTIVE DUE PROCESS**
**(AGAINST TOWNSHIP ONLY)**

97.      Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-102.

98.      The evidence of the denial of a fair and just treatment as required by 14th

Amendment of the United States Constitution is incumbent that government officials

including named Defendants herein engaged in an unconscionable fraud against Plaintiff,

treating him with fundamental unfairness.

99.      Plaintiff was led to believe by the Township and its respective officials that it

had the ability to maintain his property rights.

100.      Defendant Township has violated the 14th Amendment of the United States

Constitution, as implemented through 42 USC §1983.

101.      Defendant Township and its officials in their individual and official

13

capacities engaged in conduct that "shocked the conscience" in the constitutional sense.

102.     Defendant Township's conduct constitutes a conflict of interest and has no rational basis violating Plaintiff's rights to substantive due process.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff \ respectfully requests this Court to enter an order–

a.  Enter an order for damages against Defendants in the amount of taken and/or forfeited equity of Plaintiff.

b.  Enter an order for an award of consequential, nominal, and/or punitive damages as appropriate by statute, law, and equity pursuant 42U.S.C.§1983 & §1988 .Further enter an order for an award of actual and reasonable attorney fees and litigation expenses including costs, interest pursuant to 42 U.S.C.§ § 1988 and all other applicable laws, rules, or statutes.

c.  Plaintiff respectfully request this Honorable Court find that the Defendants retention, use and takings constitute a taking of private property for public use without just compensation in violation of the Fifth Amendment to the United States Constitution and the Michigan Constitution.

d.  Plaintiffs and represented Plaintiffs request the Honorable Court to enter a judgment against Defendants in an amount in   an amount deemed just and equitable based on the facts.

**JURY DEMAND**

For all triable issues, a jury is hereby demanded.

Respectfully submitted

Dated: July 10, 2023

Robert K. Ochodnicky (P75766)
Attorney for Plaintiff